liWALTZER, J.,
concurs with reasons
I agree with the majority’s conclusion that the Sewerage and Water Board is liable for plaintiffs’ damages, and that the facts of this case are to be distinguished from those of the Boyle ease. I write separately to note that the record on appeal fully supports the award made by the majority.
The medical bill summary admitted into the record shows billings as follows:
8 June 1994
Tulane University Medical Center $ 827.40
8-12 June 1994
Providence Hospital 6,316.24
8 June 1994-30 October 1996
Mobile Bone and Joint Center
Dr. Adrin McLeod, Jr. 4,723.00
8 August 1994-30 November 1994
Knollwood Hospital 1,648.50
17 October 1994-9 October 1996
Mobile Infirmary 2,992.00
15 August 1995
Metro Anesthesia and Pain Services,
Dr. David Walsh 300.00
This summary, reflecting total past medical expenses of $16,707.14, is supported by the hospital and medical records of the health care providers.
^According to Dr. McLeod’s report, Ms. Banks was taken to the Tulane University Hospital Emergency Room after her fall, where x-rays showed a displaced fracture of the capitellum of her left elbow. Her arm was splinted and she was transferred to her hometown, Mobile, for treatment. Dr. McLeod diagnosed a displaced fracture capi-tellum left elbow and facial abrasion. Photographs in evidence show substantial facial bruising. She was admitted to Providence Hospital in Mobile on 8 June 1994 and on 9 June Dr. McLeod operated on the arm under general anesthesia. The surgeon made a lateral incision over the upper condyle 3 cms proximally and 2 cms distally through the skin and subcutaneous tissue. The conjoint tendon was split; the superior half of the tendon was reflected and the joint and syno-vium were entered. The capitellum was completely rotated and displaced, and only a small portion of the conjoint tendon was left attached. In order to reduce the fracture, he went over into the trochlea, involving a small part of the trochlea. A reduction was done, held in place and fixed with two cancellous bone screws which were countersunk to pull the fracture into place without violating the joint. The area was irrigated with normal saline. The conjoint tendon was reattached with sutures. The doctor closed the capsule and subcutaneous tissue, then closed the skin with metallic staples. An x-ray showed excellent position and alignment, whereupon he applied a posterior plastic splint. Photographs in evidence show a scar from the elbow approximately halfway down Ms. Banks’s forearm. Dr. McLeod testified by deposition and established a ten percent disability of her left arm.
On 8 August 1994 physical therapist Deanna Poster saw Ms. Banks at Dr. McLeod’s request. Ms. Banks was complaining of limitation of motion in her arm and intermittent left elbow pain, as well as of a pre-existing right rotator cuff problem. The physical therapy notes reflect various complaints of pain and tenderness on 8 August, 10 August, 12 August, 16 August, 19 August, and 23 | -¡August. She expressed an improvement on 24 August. On 26 August 1994 the therapist recommended two more weeks of therapy because of pain and loss of function. Ms. Banks continued to complain of pain in her elbow on 26 August. On 12 September the therapist concluded Ms. Banks' goals were being achieved and recommended that she continue the strength program at home. On 14 September, Ms. Banks was able to complete her program despite elbow pain and muscle fatigue; the therapist referred to her as a hard worker. On 21 September, Ms. Banks complained of back pain, but not of elbow or shoulder pain.
Therapy for the back pain was added on 2 November 1994. She continued to have back pain through November.
Dr. Don M. Preble, a dentist and board certified implantologist, testified by deposition. Ms. Bates’s fall damaged a denture and implant appliance Dr. Preble had installed prior to the accident. He described his task in rebuilding Ms. Bates’s maxilla as both prolonged and painful. He estimated the procedure would involve two years of work and would cost between $60,000 and $100,- *533 000. The record also contains Dr. James Bolles’s report of damage to Ms. Banks’ teeth, requiring replacement of a broken six-unit denture at a cost of $3350.00.
Ms. Bates’s own testimony is replete with evidence of pain and continuing discomfort and disability attributable to her fall. She submitted income tax returns for the years 1994 and 1995 to establish lost income.
Cary Bates, the victim’s husband, testified to her depression, irritability and inability to perform housework. He also testified that the accident ended their sex life. According to Mr. Bates, the couple no longer visit friends, go dancing, fish or work together on home decorating projects. Mr. Bates now does the household chores and grocery shopping.
For the foregoing reasons, I believe the record supports the awards of damages to Mr. and Ms. Bates set out in the majority opinion.